UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                         Case No. 08-72038-ast

MICHAEL S. ROSENHOUSE and
MAUREEN ROSENHOUSE,                     Chapter 13

                                  Debtors.
-------------------------------------------------------X

**MEMORANDUM OPINION ON MOTION
FOR APPROVAL TO FILE ADMINISTRATIVE CLAIM
<u>PURSUANT TO 11 U.S.C. § 507(a)</u>**

Pending before the Court in the above referenced chapter 13 case is a Motion for Approval to File Administrative Claim Pursuant to 11 U.S.C. § 507(a), filed by creditor Ford Motor Credit Company LLC as agent for CAB East LLC ("Ford" and the "Motion") [dkt item 43] The Motion seeks allowance of an administrative claim, pursuant to Section 507(a) of the Bankruptcy Code,[1] arising from the chapter 13 debtors' assumption of a vehicle lease under their chapter 13 plan, followed by a default in making lease payments and debtors' voluntary surrender of the vehicle. In particular, the Motion seeks allowance of an administrative claim for the unpaid lease balance calculated after sale or other disposition of the vehicle by Ford, plus attorneys fees incurred in connection with Ford's enforcement of its lease rights. No opposition or response to the Motion has been filed. A hearing had been scheduled on the Motion for and was held on April 12, 2011 (the "Hearing"). At the Hearing, this Court requested supplemental briefing from Ford on the propriety of awarding the relief requested. Ford filed a letter brief on April 26, 2011. [dkt item 45]

---

[1] Throughout this Memorandum Opinion, all statutory references to the Bankruptcy Code are under Title 11 of the United States Code, §§ 101-1532, unless otherwise indicated.

Memorandum Opinion-p. 1

Given the Court's concerns and recent jurisprudence within this District regarding assumption of personal property leases and the implications thereof, even though the Motion was not opposed, the Court has determined to address whether the lessor of a personal property lease assumed under a chapter 13 plan is entitled to an administrative expense claim when the debtor defaults post-confirmation, and the amounts that could be awarded in such event.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O), and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes the Court's findings of facts and conclusions of law to the extent Rule 7052 of the Federal Rules of Bankruptcy Procedure so requires. FED. R. BANKR. P. 7052.

## Background

On April 23, 2008, Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code ("Petition"). [dkt item 1]  On their Schedule B, in answering question number 25 regarding automobiles and other vehicles and accessories, Debtors marked "NONE." On their Schedule G, Debtors list two automobile leases, one with Ford, a 2007 Ford Edge leased to Debtors (hereinafter "Vehicle") (the "Lease"), and another unrelated lease with Chrysler Credit.  Debtors do not list the associated values of those leases or of the vehicles leased. [dkt item 1]  On Debtors' Schedule J under installment payments, the Debtors list only a $936.00 monthly payment, but do not list the recipient of the payment.

Debtors initially filed a chapter 13 plan on April 23, 2008 [dkt item 2], and under paragraph 3 state:  "All lease agreements are hereby assumed unless specifically rejected as

follows" under which Debtors list "NONE."  On August 19, 2008, Debtors filed an amended plan [dkt item 28], wherein, under paragraph 3, Debtors state:

> The debtors hereby assume the executory lease . . . with lessor, Cab East, LLC and Ford Motor Credit Corp., its servicor, with respect to the 2007 Ford Edge . . . and will make postpetition lease payments directly to lessor, outside the Plan for the remainder of the lease term, in full and on time, and further consents to the termination of the stay and the surrender of the vehicle back to lessor upon the expiration of the lease term, if same occurs during the course of the debtor's chapter 13 Plan. Debtors will not exercise their option to purchase the subject vehicle at the end of the lease.

[dkt item 28 ¶ 3]

On or about September 10, 2008, Debtors filed a second amended chapter 13 plan [dkt item 29], pursuant to which Debtors listed the same statement as above in seeking to assume the Lease with Ford pursuant to Section 365. [dkt item 29 ¶ 3][2]

Ford alleges, without contravention, that Debtors defaulted under the Lease, although no date is specified for when default occurred.  On or about October 8, 2010, according to Ford, Debtors surrendered the Vehicle in accordance with the terms of the Lease, and subsequently, Ford recovered and liquidated the Vehicle, leaving a remaining balance owed on the Lease of $1,593.18. [dkt item 43]  Ford provided a breakdown of charges resulting in this remaining balance, consisting of excess mileage, wear-and-tear, and miscellaneous fees.  These charges were authorized under the Lease.  Ford also seeks attorneys fees of $300.00, bringing the total administrative claim requested to $1,893.18.  Reasonable attorneys fees incurred in enforcing Ford's rights under the lease are authorized by the Lease.

---

[2] In the Second Amended Plan, Debtors also list an additional lease with Honda, which is not disclosed on the Schedules.  The Schedules were not amended.  Debtors assumed three vehicle leases under the Second Amended Plan, including the Ford Lease.

Memorandum Opinion-p. 3

## Legal Analysis

*Lease Assumption Agreements*

This Court recently addressed Section 365(p) of the Bankruptcy Code in the context of a chapter 7 debtor's effort to use the reaffirmation procedures for a vehicle lease in *In re Ebbrecht*, and in the context of a motion to reopen a closed case to file a lease assumption agreement in *In re Farley*. *In re Ebbrecht*, No. 10-79371, 2011 WL 1793272 (Bankr. E.D.N.Y. May 11, 2011); *In re Farley*, No. 10-76019, 2011 WL 1304458 (Bankr. E.D.N.Y. April 6, 2011). This Court held in *Ebbrecht* that Section 524 is not applicable to a chapter 7 debtor's effort to keep a leased vehicle, but that Section 365(p) is; this Court held in *Farley* that a closed chapter 7 case can be reopened to allow the filing of a lease assumption agreement.

Neither of these cases addressed Section 365(p)(3), which is applicable to a chapter 13 debtor, and provides as follows:

> (3) In a case under chapter 11 in which the debtor is an individual and in a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease.

11 U.S.C. § 365(p)(3).

As noted in *Ebbrecht*, a chapter 7 debtor's postpetition assumption of a prepetition lease under Section 365(p)(1) creates a postpetition obligation of the debtor. *Ebbrecht*, No. 10-79371, 2011 WL 1793272 *3; *see also In re Thompson*, 440 B.R. 130, 132 (Bankr. W.D. Mich. 2010). As such, for a chapter 7 debtor, the postpetition obligation arising under an assumed personal property lease is not subject to discharge under Section 727 and is not within the scope of the

Section 524(a) discharge injunction.[3] This result arises in a chapter 7 case, in part, due to Section 365(p)(2)(B), which provides that "the liability under the lease will be assumed by the debtor and not the estate." 11 U.S.C. § 365(p)(2)(B). However, Section 365(p)(3) has no similar provision applicable to chapter 11 or chapter 13 debtors.

In its Motion, as authority for the right to an administrative claim for a post-assumption breach of a personal property lease assumed under a confirmed chapter 13 plan, Ford posits the following:

> When a trustee or debtor assumes and then rejects an executory contract or unexpired lease, all the liabilities following are entitled to priority as administrative expenses of the estate. Once the debtor assumes the agreement, the creditor is no longer an unsecured creditor; rather the creditor is entitled to full payment of the amounts owed under the agreement.

[dkt item 43 ¶8]  In its Letter, as supplemental authority, Ford states that it relies upon the express terms of the Lease and the legal reasoning of Judge Grossman of this Court in *In re Mortensen*, No. 10-75234 (Bankr. E.D.N.Y. Jan. 19, 2011), and of the court in *In re Michalek*, 393 B.R. 642 (Bankr. E.D. Wisc. 2008). Neither citation is on point.

First, *Mortensen* is not relevant authority. In *Mortensen*, Judge Grossman allowed a closed chapter 7 case to be reopened to allow the debtor to file a lease assumption agreement. Judge Grossman stated that Congress had not set a specific deadline for the filing of an assumption agreement, and that an assumption agreement may be entered into and filed post-discharge. In so holding, Judge Grossman noted that a chapter 7 debtor who assumes a lease does so "*cum onere*," and that, once assumed, the debtor does not and cannot discharge the obligations

---

[3] This Court noted in *Ebbrecht* that "Consideration should also be given in the appropriate circumstances to the assumption of a personal property lease by an individual chapter 11 debtor or a chapter 13 debtor under Section 365(p)(3), and whether such assumption also creates a postpetition obligation which can be discharged under Section 1141(d)(1), (5) or Section 1328." This Court needed not and did not reach those issues in *Ebbrecht*.

Memorandum Opinion-p. 5

associated with the assumed lease. *Mortensen*, however, did not address whether breach of an assumed lease could give rise to an administrative claim under Section 507(a), an unlikely result given that Section 365(p)(2)(B) expressly provides that liability for an assumed lease in a chapter 7 case is the debtor's liability not the estate's.

As for *Michalek*, that case does hold that the claim at issue for damages arising from a chapter 13 debtor's post-assumption breach of a vehicle lease does constitute an administrative priority claim, even though the debtor's confirmed plan provided that the vehicle was to revest in the debtor and that vehicle lease payments would be made outside the plan. However, *Michalek* also states that the Bankruptcy Code does not support an automatic treatment of a lessor's post-default claim as an administrative expense claim, and that a further analysis is required to find "an appropriate cubbyhole" for the post-assumption breach of an assumed vehicle lease on a case-by-case basis. *Id.* at 644-46. *Michalek* notes that "[i]n most cases the [assumed] contract that is breached has, at least for a while, been of benefit to the estate, so an administrative expense claim is a good fit." *Id.* at 644, and allowed an administrative claim for Ford because of the benefits the use of the vehicle bestowed upon debtors by allowing them:

> [T]o go to their separate jobs, to grocery stores, to medical appointments, and other activities that are part of everyday life. This is the sort of contract that benefits the reorganization of a chapter 13 debtor . . . [T]he use of an automobile is ubiquitous in this society and it is reasonable and necessary for the debtor perform in this case.

*Id.* at 646. The court in *Michalek* referred to Sections 365(g)(2),[4] 1322(b)(7),[5] and 1327(a),[6] but

---

[4] Except as provided in subsections (h)(2) and (i)(2) of this section, the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease–
  (2) if such contract or lease has been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title--
   (A) if before such rejection the case has not been converted under section 1112, 1208, or 1307 of this title, at the time of such rejection; or
   (B) if before such rejection the case has been converted under section 1112, 1208, or 1307 of this title--

Memorandum Opinion-p. 6

did not expressly refer to Sections 365(p)(3). Finally, the *Michalek* court noted that a plan modification might be required to determine whether debtors' payments to other creditors might need to be adjusted, and further noted that allowing an administrative claim in some cases could render the plan unfeasible. *Michalek*, 393 B.R. at 643-44, 647. *But see In re Benn*, 362 B.R. 1 (E.D. Mich. 2007) (disallowing an administrative claim for a default under an assumed lease because the vehicle at issue vested in the chapter 13 debtor upon confirmation and because the lease required the debtor to make payments outside the plan).

*Michalek* discussed the Sixth Circuit decision in *In re Parmenter*, 527 F.3d 606 (6th Cir. 2008), which is not cited by Ford. In *Parmenter*, the bankruptcy court had denied a car lessor's request for an administrative claim against a chapter 13 debtor who defaulted on a vehicle lease which was assumed under a confirmed plan. The plan in *Parmenter* provided that payments on the assumed vehicle lease would be made outside the plan. *Parmenter*, 527 F.3d at 608. The bankruptcy court denied an administrative claim on a *res judicata* theory, reasoning that, because the plan did not provide for an administrative claim for Ford, as lessor, one could not be created by a default under the lease. The Sixth Circuit affirmed. "As we see it, Ford's administrative expense claim seeks relief that the plan does not permit—transforming a class three [unexpired

---

(i) immediately before the date of such conversion, if such contract or lease was assumed before such conversion; or
(ii) at the time of such rejection, if such contract or lease was assumed after such conversion.

11 U.S.C. § 365(g)(2).

[5] Subject to subsections (a) and (c) of this section, the plan may--
(7) subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section[.]
11 U.S.C. § 1322(b)(7)

[6] "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a)

Memorandum Opinion-p. 7

lease] class into a class one [administrative] claim and, in the process, leapfrogging other creditors." *Id*. at 608.  The *Parmenter* court differentiated the result that might be reached in a chapter 11 context because in a chapter 11 case the "debtor-in-possession acts on behalf of the estate when it assumes a lease and thus creates a legal obligation on the estate [but] a chapter 13 debtor who assumes and pays a lease outside the plan does not."(internal citations omitted). *Parmenter* rejects the notion that a chapter 13 debtor who assumes a lease in a chapter 13 case does so on behalf of his or her bankruptcy estate and may create an administrative claim by defaulting under the lease, and states that "Because the debtor elected to assume the lease and pay it directly, Ford cannot now say the estate was a latent guarantor of the lease." *Id*. at 610. Respectfully, for reasons to follow, this Court declines to follow the *Parmenter* analysis.

This Court has also considered *In re Klein Sleep Prods*., 78 F.3d 18 (2d Cir. 1996), which was discussed in *Parmenter*, and which allowed an administrative claim for a commercial lessor where a chapter 11 debtor-in-possession had assumed a lease and later defaulted.  In *Klein Sleep*, the debtor had entered into a prepetition lease with a landlord for a store location in Paramus, New Jersey (the "Paramus Lease").  After filing, debtor assumed the Paramus Lease by motion filed pursuant to Section 365, which the bankruptcy court granted.  A chapter 11 trustee was subsequently appointed, who, after determining that the debtor would need to liquidate, filed a motion to reject the assumed Paramus Lease.  The bankruptcy court approved the rejection of the assumed Paramus Lease.  The trustee and the landlord disagreed over calculation and characterization of the landlord's postpetition claims.  The landlord asserted that mere assumption of an unexpired lease creates a Section 503(b)(1)(A) administrative priority claim for all liabilities

under the lease, regardless of subsequent rejection. The trustee disagreed.

The Second Circuit analyzed the benefit to the state component of Section 503(b)(1)(A)(i)[7] and rejected the argument that "future rent arising from an assumed lease cannot satisfy the requirement of § 503(b)(1)(A)." *Klein Sleep*, 78 F.3d at 24. Instead, the Second Circuit held that benefit to the estate for Section 503(b) purposes is established at the time the lease is allowed to be assumed and is not re-measured at the time or as the result of a postassumption breach or rejection. *Id.* at 25-26.

The Second Circuit then addressed the effect of Section 365(g)(2)(A)'s provision that breach of an assumed lease occurs when the lease is later rejected. The *Klein Sleep* court looked to pre-Code case law and the face of the statute, and concluded that Section 365(g)(2)(A) determines the timing of a breach, but does not alter the administrative claim status of all post-assumption lease charges. *Id.* at 27-28. The court also rejected the argument that Section 502(b)(6) limits the postassumption claim of the landlord, construing Section 502(b)(6) to relate only to prepetition claims filed in accordance with Section 501, and not applicable to postpetition lease claims arising from a postassumption rejection or breach. Under the Code as then written, the Second Circuit held that all postassumption rent and related liabilities constitutes an administrative claim, based, in part, on the ability of a debtor to delay until confirmation a

---

[7] After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--

    (1)(A) the actual, necessary costs and expenses of preserving the estate including--

    (i) wages, salaries, and commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b)(1)(A)(i).

decision on whether to assume such leases,[8] and the absence of an express limitation on such damage claims.

*Klein Sleep*, however, is not dispositive for this case. Unlike in a chapter 11 case, the Bankruptcy Code and Rules do not establish any requirement that the court approve a chapter 13 debtor's assumption of a personal property lease as being in the best interests of creditors or the bankruptcy estate, or even as a proper exercise by the debtor of his or her business judgment. As noted in *Ebbrecht*, Congress did not establish any criteria for a bankruptcy court to approve or disapprove a chapter 7 debtor's assumption of a lease under Section 365(p); for a chapter 13 debtor, Section 365(p)(3) only addresses the effect of nonassumption, and provides no criteria for a court to approve or deny assumption. Further, Section 1322(b)(7) only provides that a chapter 13 plan may provide for the assumption of an executory contract or unexpired lease, but no terms under which such assumption may be approved or denied. Although Section 1325 imposes a number of requirements that must be satisfied in order for a chapter 13 plan to be confirmed, none expressly imposes a burden on a debtor to prove that assumption of a lease or contract is in the best interest of creditors or the estate, or is a proper exercise by the debtor of his or her business judgment. Perhaps the nearest, most applicable provision in Section 1325 is subsection (a)(6), which requires a finding that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).

---

[8] BAPCPA, of course, modified the Code in two manners central to the *Klein Sleep* analysis: § 365(d)(4) now limits a debtor's outside period of time to assume or reject nonresidential leases of real property to 210 days, absent consent of the landlord to further extensions, and § 503(b)(7) limits the administrative claim of a landlord whose lease is assumed and later rejected to a claim for 2 years for "all monetary obligations" arising after the later of rejection or actual turnover of the subject premises, with any balance to be an unsecured claim subject to the §502(b)(6) cap.

Further, Section 365(g)(2)[9] does not apply here. Section 365(g)(2) applies to the rejection of an assumed lease. Here, Debtors did not reject the lease by filing a motion and obtaining authority to reject the lease, as the chapter 11 trustee did in *Klein Sleep*. Although Section 1329(a) provides for a modification of a confirmed plan, it does not expressly provide for modification to reject a previously assumed lease.

This Court also does not agree with the *res judicata* analysis of *Parmenter*. Because the Ford lease had not been assumed prior to confirmation, it was not a claim that could have given rise to administrative expense status prior to confirmation.

*The Effect of Assuming a Vehicle Lease in Chapter 13*

The question here, then, is whether the assumption of the Lease and payment outside the plan constitutes "debts provided for by the plan," or if assumption of a personal property lease renders the lease liability as not being subject to the plan and therefore a debt which cannnot be discharged, akin to the chapter 7 debtor in *Ebbrecht*. Section 1328 provides that a debtor who completes his or her plan payments and any postpetition domestic support obligations may obtain a "discharge of all debts provided for by the plan or disallowed under Section 502," with the exception of certain debts not applicable here. 11 U.S.C. § 1328. If Debtors' assumed Lease obligations are provided for by the plan, upon plan completion, the Lease obligations can be discharged. Further, under the appropriate circumstances, the plan could be modified under Section 1329(a)(3) "to the extent necessary to take account of any payment of such claim other

---

[9] It should be noted that Section 365(g)(2)(A) does provide for the timing of when a breach occurs when a contract or lease assumed "under chapter 9, 11, 12 or 13" is later rejected. 11 U.S.C. § 365(g)(2)(A). Debtors here did not seek to reject the Ford Lease; Debtors defaulted post-assumption.

than under the plan." 11 U.S.C. § 1329(a)(3). It is this Court's construction of §§ 1322(b)(7), 1325(a)(6), and 1328 that, even though Debtors were to make payments on the assumed Lease "outside the Plan," meaning that they were not being paid through the Chapter 13 Trustee, those are still payments on a lease assumed under the plan (§1322(b)(7)), to be paid by debtor under the plan (§ 1325(a)(6)) and are therefore "debts provided for by the Plan." Thus, the Debtors' Lease obligations can be discharged, upon compliance with the plan.

Compliance with the plan, however, requires Debtors to perform their agreement in the plan to "make postpetition lease payments directly to lessor, outside the Plan for the remainder of the lease term, in full and on time[.]" [dkt item 29] Since Debtors failed to do so, Ford is entitled to collect the unpaid balance due under the Lease under the Plan, which should not include any liability for the purchase option which Debtors did not exercise. Here, Ford is asking for the post-surrender, post-liquidation deficiency as determined under the Lease. Granting administrative status to this deficiency is consistent with a holistic reading of the applicable provisions of chapter 13 of the Bankruptcy Code. Because a chapter 7 debtor's assumption of a lease is expressly not an estate liability under Section 365(p)(2)(B), but no similar provision appears in Section 365(p)(3), treating the Lease deficiency as an estate liability is not inconsistent with the applicable chapter 13 provisions. Further, to relegate the balance of the Lease payments owed to Ford to unsecured status would be unfair to Ford, and provide a potential windfall to Debtors, because Debtors were allowed to assume the Lease and committed in the confirmed Plan to "make postpetition payments, directly to lessor, outside the Plan for the remainder of the lease term, in full and on time[.]" The benefit to Debtors of having the use of the Leased vehicle should, as with the commercial lease in *Klein Sleep*, be measured that the time of assumption,

making it incumbent on a chapter 13 debtor to choose wisely prior to deciding what car leases to assume under a plan, guided by what car payments the debtor can afford to make following assumption and confirmation. *See* 11 U.S.C. § 1325(a)(6). Thus, Ford is entitled to an administrative claim for the balance of their Lease deficiency. However, this does not entitle Ford to immediate payment.

Section 1322(a)(2) provides that claims entitled to priority under Section 507 must be paid in full but may be paid "in deferred cash payments" and not upon confirmation of a plan or as a condition to a plan being effective. Thus, Debtors may pay the Lease deficiency balance owed as a Section 507(a) administrative claim over time. This result should not prejudice Ford, Debtors, or other creditors of the estate. To accomplish this, however, Debtors will need to file a motion to modify their Plan, pursuant to Section 1329(a)(3), giving effect to the liquidation of the Vehicle as a payment "other than under the plan."

Because Debtors did not oppose the Motion, the Court is awarding Ford the $1,893.18 sought as a Section 507(a) administrative claim, based upon such amount consisting of proper lease charges of $458.48 of unpaid lease payments, $1,044.60 of excess mileage charges, $90.10 of tax of excess charges [dkt item 43-3], and $300.00 for reasonable attorneys fees.

Accordingly, Ford is entitled to an administrative claim of $1,893.18. Debtors must file a motion to modify the Plan within twenty-one (21) days from the entry of this Order in order to address the payment of such claim.

## **Conclusion**

Based upon the foregoing, the relief sought by Ford is granted in part. An order consistent herewith shall issue.



**Dated: June 27, 2011**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**

Memorandum Opinion-p. 14